**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Phillip Hiram HOGG, Respondent.**

No. 2004–SC–0380–KB.

Supreme Court of Kentucky.

June 17, 2004.

Bruce K. Davis, Executive Director, Linda Gosnell, Chief Bar Counsel, Ken-

---

tucky Bar Association, Frankfort, Counsel for Movant.

Phillip Hiram Hogg, Louisville, for Respondent.

## OPINION AND ORDER

The Kentucky Bar Association, by and through its Board of Governors, has recommended that the Respondent Phillip Hiram Hogg ("Hogg"), whose last known address is 2514 Alanmede Road, Louisville, Kentucky 40205, be suspended from the practice of law in the Commonwealth of Kentucky for a period of forty-five (45) days for the following: (1) his failure to exercise reasonable diligence and promptness in representing a client as required by SCR 3.130–1.3, and (2) his failure to keep the client informed about a legal matter and to promptly comply with the client's reasonable request for information as required by SCR 3.130–1.4(a).

In 1996, Jamie Rojo ("Rojo") was involved in an automobile collision. In March 2000, Rojo retained Hogg to pursue a personal injury claim resulting from the collision. Hogg attended an unsuccessful mediation on his client's behalf, but thereafter was so difficult to reach that Rojo was forced to request an update on his claim via certified letter. Hogg did not respond to Rojo's letter, but when Rojo called a month after sending the letter, Hogg talked with him and informed him that the statute of limitations would expire in April 2002. During this conversation, Rojo authorized Hogg to settle the claim for $9,000.00. Three months later, Rojo tried to contact Hogg for an update on his claim. He was unsuccessful in talking with Hogg until the following month when Hogg expressed surprise to hear from Rojo since he thought Rojo had retained another attorney. Rojo told Hogg that he had not retained other counsel and requested an update on his claim. Hogg asked for time to review the matter and returned the call to Rojo a few days later to apologize because the statute of limitations on his claim had expired. Two months later Rojo filed a malpractice action against Hogg, who later agreed to pay a judgment in the amount of $9,000.00 to Rojo.

Hogg has not filed a notice for this Court to review the Board's decision, and we do not elect to review the decision of the Board of Governors pursuant to SCR 3.370(8). Wherefore, the decision of the Board of Governors is hereby adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) The Respondent is suspended from the practice of law in the Commonwealth of Kentucky for a period of forty-five (45) days. The period of suspension shall commence on the date of entry of this Order.

(2) In accordance with SCR 3.450, Hogg is ordered to pay all costs associated with these disciplinary proceedings against him, including the amount of $1,292.95 assessed against him as of May 12, 2004, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

Entered: June 17, 2004.

/s/ Joseph E. Lambert
CHIEF JUSTICE